United States District Court
Southern District of Texas
**ENTERED**
December 08, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| BRADLEY THOMAS BOONE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:21-cv-00279 |
| | § | |
| KILOLO KIJAKAZI,[1] *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("Commissioner"), has filed a motion to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Dkt. 16 ("Motion to Dismiss"). The Commissioner argues that Plaintiff Bradley Thomas Boone ("Boone") has failed to exhaust his administrative remedies.

This matter has a tortured procedural history. Boone filed an application for disability benefits in March 2016. An Administrative Law Judge ("ALJ") issued a decision unfavorable to Boone on July 18, 2018, and the Appeals Council denied review in March 2019. A couple of months later, in May 2019, Boone filed a civil action in this Court, appealing the Appeals Council's denial of review. On May 5, 2020, I remanded the case for further proceedings. The ALJ then issued a second unfavorable ruling to Boone on December 17, 2020. Boone timely filed specific exceptions on December 28, 2020. On September 2, 2022, when the Commissioner filed her Motion to Dismiss, the Appeals Council still had not ruled on Boone's exceptions. They had been pending for more than 20 months. At a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi—the current Acting Commissioner of the Social Security Administration—is substituted for named Defendant Andrew Saul.

recent status conference, I was told that the Appeals Council finally issued a ruling on September 6, 2022, rejecting Boone's appeal.

Boone originally filed the instant lawsuit on October 13, 2021. The Commissioner correctly points out that, as a general rule, a claimant must exhaust all administrative remedies before filing suit. Because Boone filed this action before the Appeals Council had issued a ruling, the Commissioner contends that this Court does not possess jurisdiction to act. Although Boone did file this lawsuit before the Appeals Council had issued its ruling, the Fifth Circuit has explained that a district court may "excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances." *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997). This case presents such an extraordinary circumstance.

Acting *pro se*, Boone filed this lawsuit in October 2021 after waiting almost a year without hearing anything from the Appeals Council. Concerned with the pace of his appeal, Boone reached out to his Congressman for assistance in February 2021. His Congressman's office contacted the Social Security Administration. According to a letter dated July 13, 2021, the Social Security Administration told Boone's Congressman that Boone "currently does not have a claim pending with SSA." Dkt. 17-7 at 2. Only after Boone received word that the Social Security Administration denied that there was any pending appeal did he file the instant action. He had no other choice. I cannot fault Boone for filing this action, especially when he had no reason to believe that his appeal was still pending before the Appeals Council.

Now that the Appeals Council has ruled on Boone's exceptions, it makes absolutely no sense to dismiss this action and then require Boone to file yet another action in this Court to challenge the ALJ's denial of his claim. The parties are all before me. Common sense says that the best way to proceed is to have the Commissioner file the administrative record and then give the parties sufficient

time to file briefing on the ultimate issue in this case: whether the ALJ's December 17, 2020 ruling denying benefits should be upheld.[2]

In conclusion, I find that this case presents extraordinary circumstances excusing Boone's failure to exhaust administrative remedies. The Commissioner's motion to dismiss is **DENIED**. The Commissioner is ordered to file the administrative record by January 20, 2023. Boone shall file his motion for summary judgment by January 27, 2023. The Commissioner shall file a response to Boone's motion for summary judgment as well as its own motion for summary judgment by February 24, 2023. Boone may file a reply in support of his motion for summary judgment and a reply to the Commissioner's motion for summary judgment by March 10, 2023.

To clean up the docket, let me also take this opportunity to deny three pending motions: (1) Motion for Entry of Default (Dkt. 11); (2) Motion to Expedite Default Judgement [sic] (Dkt. 12); and (3) Motion to Compel Social Security Disability Insurance Back Pay (Dkt. 18). As I mentioned at the recent status conference, I look forward to deciding this case on the merits.

SIGNED this 8th day of December 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] I am aware that the time limit for seeking judicial review of the denial of a Social Security claim is governed by 42 U.S.C. § 405(g). Section 405(g) provides that a civil action must be brought within 60 days after notifying a claimant of the Appeals Council's notice of denial of request for review of the ALJ's decision. *See* 42 U.S.C. § 405(g). Although Boone admittedly did not file a brand-new civil action within the statutorily dictated 60-day window, I find that his filing of this lawsuit—which challenges the ALJ's most recent decision—should be considered sufficient to exercise his appellate rights. For the reasons explained in this opinion, this is one of those "rare social security case[s] which . . . present[s] equities strong enough to toll limitations." *Marse v. Dep't of Health & Hum. Servs.*, 999 F.2d 1579, 1993 WL 307916, at *1 (5th Cir. 1993).